UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERTO GARCIA,

        Plaintiff,                      MEMORANDUM AND ORDER
                                                     18-CV-3680

   - against -

JACKSON HURST PARTNERS LLC,
JOHN ILIBASSI AND
JOHN KUCHARCZYK,

        Defendants.
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

**ORDER GRANTING DISMISSAL OF PLAINTIFF'S CAUSE OF ACTION PURSUANT TO NEW YORK LABOR LAW § 195(1) WITHOUT PREJUDICE**

The above-entitled matter came before the Court on Plaintiff's motion for partial dismissal pursuant to Fed. R. Civ. P. ("Rule") 41(a)(2). ECF No. 12. For the reasons discussed below, the motion is **GRANTED**.

## BACKGROUND

Plaintiff commenced this action on June 25, 2018, alleging various breaches of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and Articles 6 and 19 of the New York Labor Law ("NYLL"). Compl., ECF No. 1. As and for his fifth cause of action, Plaintiff alleges that Defendants willfully failed to furnish him with the annual wage notices required by NYL § 195(1) and thereby violated the NYLL and supporting New York State Department of Labor regulations. *Id.* ¶¶ 73-74. For a violation of NYLL § 195(1), a plaintiff is entitled to "fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." NYLL § 198(1-b).

1

Defendants filed their Answer on August 6, 2018, in which they "admit[ted] that Plaintiff was not given the document referenced [in Paragraph 73 of the Complaint] as required by law." Answer to Complaint, ECF No. 10, ¶ 73.

Fifteen days later, by a letter dated August 21, 2018, Jonathan S. Hershberg, Esq. of the law firm Tarter, Krinsky & Drogin LLP, counsel to Defendants, wrote to Amit Kumar, Esq. of the Law Offices of William Cafaro, counsel for Plaintiff, as follows:

> As we indicated in an email to you on July 17, our clients recognize their liability to Mr. Garcia in the amount of $5,000 for their failure to provide him with the required WTPA wage notice. Please find enclosed a check payable to him in that amount. In your response to us, you characterized this payment as an offer of settlement. It is not. It is money Mr. Garcia is owed, and that he is therefore being paid. Your client's depositing of this check will not act as a waiver of any of his other claims, or of his claim to damages regarding same.

Pl. Ex. 3, ECF No. 12-5.[1] Enclosed therewith was a check in the amount of $5,000.00, the maximum amount of damages authorized by statute for a violation of NYLL § 195(1), exclusive of costs and reasonable attorney's fees. Kumar Decl. ¶ 8; *see* NYLL § 198(1-b).

The following day, August 22, 2018, Kumar e-mailed Hershberg, acknowledging receipt of the August 21 letter and check, and attaching a proposed Stipulation of Partial Dismissal of Plaintiff's NYLL § 195(1) claim with prejudice, without costs to either party. Pl. Exs. 4-5, ECF Nos. 12-6 and 12-7. Kumar added:

> I drafted this because I don't see the point in pursuing this cause of action for my client any longer. The check that was sent takes care of his statutory damages under this provision of the law. So it doesn't seem necessary to keep the cause of action in the complaint. It just seems like something that would waste time in discovery.

Pl. Ex. 5. Kumar also invited Hershberg to edit the stipulation if necessary. *Id.* ("Also, if you need to edit the stip, please do so in track changes"). Laurent S. Drogin, Esq., Hershberg's

---

[1] As used herein, "Pl. Ex." refers to the exhibits appended to the Declaration of Amit Kumar, Esq. ("Kumar Decl."), August 24, 2018, ECF No. 12-2.

colleague, was copied on the e-mail. *Id.* Kumar's email was designated as a settlement communication pursuant to Fed. R. Evid. 408 and New York Civil Practice Law and Rules 4547. *Id.* Five minutes later, Kumar received a reply from Drogin, who stated:

> Amit, I think differently.
> This can be done on the record at the conference and/or when you amend the Complaint.
> It was admitted in the Answer and your client has now been paid.
> We trust that as an Officer of the Court you would not pursue the claim.
> A formal stipulation is not necessary. It simply churns fees.
> Nor is there a reason or basis to designate this email thread as a settlement communication. There is no dispute about the 195(1) notice.

Pl. Ex. 6, ECF No. 12-8.

Later that day, Kumar e-mailed Drogin, stating that he had "just been informed by Mr. Cafaro that we cannot release the check to the client without an order from the Court dismissing the cause of action." Pl. Ex. 7, ECF No. 12-9. Kumar advised Drogin that if Defendants were not willing to stipulate to dismissal, he would "have to make a motion for partial dismissal to the Court, pursuant to Rule 41." *Id.* Kumar added, "[p]lease let me know the Defendants [*sic*] position on the matter." *Id.*

Drogin replied, "[t]he Defendants' position is that Mr. Cafaro is wrong. You already have our written authorization to release the check to your client." Pl. Ex. 8, ECF No. 12-10.

Two days after that, on August 24, 2018, Plaintiff filed the instant motion.

## DISCUSSION

I. **Defendants' Failure to Respond to the Motion**

Before discussing the merits, mention must be made of Defendants' failure to respond to the motion within the briefing schedule agreed to by the parties. By a letter dated September 4, 2018, Plaintiff notified the Court that the "Parties have met and conferred and have agreed" to a briefing schedule, pursuant to which Defendants would submit their opposition by September 28,

3

2018 and Plaintiff would submit his reply by October 12, 2018. ECF No. 13. The September 28, 2018 deadline for opposition papers came and went without a response or a request for an extension of time from Defendants.

The Local Civil Rules in this District formerly provided that the failure of a party opposing a motion to serve and file its opposition papers "may be deemed sufficient cause for … the granting of the motion by default." *Wechsler v. R D Management Corp.*, 861 F.Supp. 1153, 1157 (E.D.N.Y. 1994) (quoting then-Local Civil Rule 3(b) of the United States District Court for the Eastern District of New York). However, the Local Civil Rules in their present form do not make explicit what the consequences of a party's failure to oppose a motion to voluntarily dismiss should be.

Plaintiff cites several cases in support of the argument that Defendants' failure to respond to the Rule 41(a)(2) motion is sufficient grounds, in and of itself, for the motion to be granted. These cases, however, stand for the very different proposition that when a defendant moves for dismissal or summary judgment and the plaintiff fails to address a particular claim in their opposition papers, it may be inferred that the plaintiff has chosen to abandon that claim. *See Barsoumanian v. Williams*, 29 F.Supp.3d 303, 323 (W.D.N.Y. 2014) ("[T]his claim was found to be abandoned due to Plaintiff's failure to oppose this portion of the motion to dismiss"), *aff'd sub. nom Barsoumanian v. University at Buffalo*, 594 Fed.Appx. 41 (2d Cir. 2015) (summary order); *Taylor v. City of New York*, 269 F.Supp.2d 68, 75 (E.D.N.Y. 2003) (granting summary judgment in civil rights action with respect to state law claims not addressed in plaintiff's opposition papers), *order clarified*, 2003 WL 21781941 (E.D.N.Y. Jul. 29, 2003); *Dineen ex rel. Dineen v. Stramka*, 228 F.Supp.2d 447, 454 (S.D.N.Y. 2002) (granting summary judgment in civil rights action with respect to negligence and wrongful death claims not addressed in

plaintiff's opposition papers). The purpose of the abandonment doctrine is to give effect to a plaintiff's right to control his or her theory of the case, and to winnow out legal theories that the plaintiff has chosen not to prosecute. *See Greenlaw v. U.S.*, 554 U.S. 237, 243 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, … we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present"). It does not follow from this, however, that a court may adopt a movant's position wholesale where the non-movant has failed to respond at all. *See Miranda v. Bennett*, 322 F.3d 171, 177 (2d Cir. 2003) ("The very nature of advocacy creates a need for the court to be wary of wholesale adoption of a party's proffers").

In the context of a motion pursuant to Rule 12(b), the law of this Circuit is clear that a district court cannot grant the motion merely because it is unopposed. Instead, the court must assume the truth of the factual allegations and determine whether the motion is legally sufficient. *See Goldberg v. Danaher*, 599 F.3d 181 (2d Cir. 2010); *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *Jones v. Sposato*, 2017 WL 4023135, at *3 (E.D.N.Y. Aug. 22, 2017), *report and recommendation adopted* 2017 WL 4023345 (E.D.N.Y. Sept. 11, 2017). The rationale behind this rule is that the sufficiency of a complaint is a question of law that the court is equipped to resolve without the benefit of opposition papers. *See Goldberg*, 599 F.3d at 183 ("Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to make a determination on the merits"); *McCall*, 232 F.3d at 322-323 ("[M]otions [pursuant to Rule 12(b)] assume the truth of a pleading's factual allegations and test only its legal sufficiency. … Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency

of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law") (internal citation omitted).

Similarly, when adjudicating an unopposed motion for summary judgment, the district court must (1) "ensure that each statement of material fact [submitted by the movant] is supported by record evidence sufficient to satisfy the movant's burden of production," and (2) "determine whether the legal theory of the motion is sound." *Jackson v. Federal Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).

The Court's view is that an analogous rule should obtain when considering an unopposed motion of voluntary dismissal pursuant to Rule 41(a)(2). "[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Central De Paraguay v. Paraguay Humanitarian Foundation, Inc.*, 2006 WL 3456521, at *2 (S.D.N.Y. 2006) (quoting *Gap, Inc. v. Stone Intern. Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997)). The court may take the plaintiff's factual assertions as true to the extent they are reasonably supported by the affidavits, exhibits and other documentation available in the record. However, whether the consequences of dismissal constitute "substantial prejudice" to the defendant is a question of law that the court may not abdicate solely because the motion is unopposed.

Before proceeding to the merits, the Court will offer one last comment. Because the briefing schedule in this case was not approved by the Court by way of a formal order, the timeliness of Defendants' opposition was governed by Local Civ. R. 6.1(b)(2), providing that "any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers." Defendants' failure to respond within that time frame is sufficient grounds to consider the motion without opposition papers. Leaving that aside, however, the

6

Court expects that parties represented by able counsel should abide by the terms of their own negotiated briefing schedules with minimal judicial intervention. Plaintiff's counsel represented, as an officer of the Court, that Defendants agreed to submit their opposition by September 28, 2018. If Defendants had not so agreed, it was incumbent upon them to speak up after Plaintiff's letter was docketed and to notify the Court of any error. As they have failed to do so, the Court can only presume that they assented to the briefing schedule. And given their failure to adhere to those terms, the Court concludes that any further delay in adjudicating what should have been a simple motion for voluntary partial dismissal would be unfair to Plaintiff.

### II. Motion to Dismiss Pursuant to Rule 41(a)(2)

As stated above, a motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless the defendants would "suffer substantial prejudice as a result." *Banco Central De Paraguay*, 2006 WL 3456521, at *2 (citation and quotations omitted). Factors relevant to the existence of substantial prejudice "include [1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990), *cert. denied*, 498 U.S. 899 (1990).

Here, the record is devoid of any indication that Defendants would be prejudiced by dismissal of the NYLL § 195(1) claim. Far from Plaintiff being unduly vexatious, Defendants have all but conceded their liability for this cause of action. Answer ¶ 73.[2] As Defendants had already remitted a check to Plaintiff for the maximum amount of damages authorized by statute,

---

[2] Of course, the Court cannot, and does not, evaluate the merit of Plaintiff's remaining causes of action, other than to note that there is no indication at this juncture that they were brought vexatiously.

excluding fees and costs, Plaintiff quite reasonably concluded that the cause of action should no longer remain. Moreover, Plaintiff brought the motion diligently and the threat of re-litigation is minimal. Indeed, Plaintiff's preference was to seek dismissal *with prejudice* by way of a stipulation of partial dismissal pursuant to Rule 41(a)(1)(A)(ii). The only reason this did not succeed is because Defendants would not agree to the stipulation, wary of "churn[ing] fees," even though Plaintiff's attorneys had already prepared a draft of the stipulation, which was largely boilerplate. As Defendants themselves acknowledged through their counsel, it was always expected that Plaintiff, having been made whole for the § 195(1) violation, "would not pursue the claim." Pl. Ex. 6. In other words, it is a claim that Plaintiffs are entitled to abandon. The Court cannot understand why Defendants would desire to obstruct that abandonment, but it suffices to say that they have no right to do so.

Ironically, because Defendants declined to collaborate with Plaintiff on a one-and-a-half page stipulation in order to avoid "churn[ing] fees," Plaintiff was required to bring this motion, accompanied by a nine-page memorandum of law, in order to seek relief—likely exacerbating Plaintiff's own expenses. The Court is reminded of recent remarks issued by the Chief Justice of the Supreme Court of the United States regarding the December 1, 2015 amendments to the Federal Rules of Civil Procedure:

> Rule 1 [of the Federal Rules of Civil Procedure] directs that the Federal Rules "should be construed, administered, <u>and employed by the court and the parties</u> to secure the just, speedy, and inexpensive determination of every action and proceeding." The underscored words make express the obligation of judges *and lawyers* to work cooperatively in controlling the expense and time demands of litigation . . . . The new passage highlights the point that lawyers—though representing adverse parties—have an affirmative duty to *work together*, and with the court, *to achieve prompt and efficient resolutions of disputes*.

2015 Year-End Report on the Federal Judiciary 6 (Dec. 31, 2015) (italics added), *available at* http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf (accessed October 10, 2018). That aspiration was not met in this case.

## CONCLUSION

Plaintiff's request to dismiss the cause of action concerning NYLL § 195(1) without prejudice is **GRANTED.**

SO ORDERED.

Dated: Brooklyn, New York
October 10, 2018

/s
I. Leo Glasser          U.S.D.J.